UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE: MEDICAL INFORMATICS ENGINEERING, INC., CUSTOMER DATA SECURITY BREACH LITIGATION (MDL 2667) )))))) | CAUSE NO.  3:15-MD-2667 |
| This Document Relates to All Cases )) | |

ORDER APPOINTING LEAD COUNSEL/INTERIM CLASS COUNSEL

**Selection of Lead Counsel/Interim Class Counsel**

The applications for lead counsel and plaintiffs' steering committee have provided me with an embarrassment of riches. I have received three applications for lead counsel (Irwin B. Levin, Benjamin F. Johns, and Cari Campen Laufenberg), one application for a plaintiffs' steering committee William B. Federman), and several expressions of interest in serving on the plaintiffs' steering committee found in statements in support of one of the lead counsel applicants. Having recently been through a docket in which I had to order non-volunteers to serve on a successor steering committee after a partial settlement that included all members of the original steering committee, I truly appreciate the number (and quality) of these volunteers.

Aside from one concern, it doesn't appear that I could make a mistake in choosing an attorney to participate in the leadership in this case. Each applicant is experienced in complex litigation and appears to be capable of working smoothly with other attorneys involved in this docket. It might be

sensible simply to grant all of the applications and have three co-lead counsel and a somewhat larger plaintiffs' steering committee.

But this case presents an unusual dimension in that MIE appears to have shallow pockets and few assets. As the number of attorneys responsible for the overall litigation of the case increases, the pot of funds available for the class members necessarily shrinks. At this stage in the litigation, appointing several attorneys seems to be a poor idea. Many attorneys in this docket have weighed in for the proposition that at least for now, anything more than lead counsel — by which I also mean "interim counsel to act on behalf of a putative class," Fed. R. Civ. P. 23(g) — would be wasteful of potential settlement funds.

The plaintiffs and MIE already have agreed to participate in mediation to take place after the plaintiffs file a master complaint. It makes little sense to have several attorneys involved in that mediation for the plaintiffs, recognizing that a global settlement will require the assent of all the plaintiffs' attorneys. If the mediation is unsuccessful, the scheduling order calls for a largely discovery-free time in which MIE can answer or otherwise respond to the master complaint. Until MIE responds, there seems little reason — given the limited funds available — to have anything but a minimal leadership structure.

If MIE moves to dismiss the master complaint, a larger leadership structure might be needed. If the dismissal motion is based solely on federal

standing issues, as such motions often are in data breach litigation, it seems to make little sense to expand the leadership; a single lead counsel, perhaps with help from other attorneys of record, should be able to respond to a dismissal motion raising a narrow issue. If MIE files a motion to dismiss that goes beyond federal standing issues — for example, one that challenges whether the master complaint states state law statutory claims upon which relief can be granted — more attorneys likely will need to be added to the leadership structure immediately.

If this docket is still in business after mediation and ruling on a dismissal motion, a steering committee — and perhaps co-lead counsel — will be both needed and economically justifiable. At that point, the docket would move into full litigation mode.

Given the concerns just expressed, it makes the most sense that the lone lead counsel (at this point) should be Irwin B. Levin of Cohen & Malad, L.L.P in Indianapolis. He and his firm appear to be a little further along than the other attorneys who have applied for leadership positions. I have no doubt that the other applicants could catch up quickly, but even the catch-up would affect what might be available for the members of the putative classes.

It's important to me to stress that this appointment isn't a "homer" call. The circumstances giving rise to this appointment don't include Cohen & Malad's office being in Indiana or the number of cases the firm filed in this district before centralization. This order is based on the progress of MDL-2667

so far and the importance of preserving for the litigants what reportedly is a limited potential recovery.

For these reasons, I appoint Irwin B. Levin of Cohen & Malad, L.L.P., One Indiana Square, Suite 1400, Indianapolis, IN 46204, as "lead counsel" in MDL parlance and "interim class counsel" in the parlance of Federal Rule of Civil Procedure 23(g). I anticipate appointing additional counsel to the plaintiffs' leadership counsel as it becomes necessary.

This appointment is of a personal nature. Mr. Levin can't be substituted by other attorneys, including members of his law firm, to perform lead counsel's exclusive functions without my prior approval. The appointment is for <u>one year from the date of this order</u>. Mr. Levin may apply to be reappointed when his term expires. If or when he reapplies, his application should contain references to the nature and scope of his work as lead counsel including the time and resources expended during the past term.

### Duties of Lead Counsel/Interim Class Counsel

The lead counsel will have the following responsibilities:

1. With respect to <u>discovery</u>: (a) initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions that are consolidated in this multidistrict litigation; (b) develop and propose to me schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs; (c) cause to be issued in the name of all plaintiffs the necessary

4

discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation; (d) conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all plaintiffs; and (e) establish and maintain an electronic and/or physical document depository, if deemed appropriate and necessary, in which the documents will be available under reasonable terms and conditions for examinations by all MDL plaintiffs or their attorneys.

    2. With respect to <u>hearings and meetings</u>:  (a) call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the court; (b) initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters pertaining to pretrial proceedings; (c) examine witnesses and introduce evidence at hearings on behalf of plaintiffs; and (d) act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

    3. With respect to <u>stipulations</u>:  negotiate and enter into stipulations with the defendant regarding this litigation. All stipulations entered into by the lead counsel, except for strictly administrative details such as scheduling, must be submitted for court approval and won't be binding until Magistrate Judge Collins or I have ratified the stipulation. Any attorney not in agreement

5

with a non-administrative stipulation shall file with the court a written objection to the stipulation <u>within five days</u> after that attorney knows or should have reasonably become aware of the stipulation. I will deem a failure to object within the term allowed to be a waiver, and the stipulation will automatically be binding on that party.

    4. With respect to <u>other matters</u>:  (a) submit and argue any motions presented to the court on the plaintiffs' behalf, and, when necessary, oppose any motions submitted by the defendants or other parties that involve matters within the sphere of lead counsel's responsibilities; (b) explore, develop, and pursue all settlement options pertaining to any claim or part of any claim of any case filed in this litigation; (c) maintain adequate files of all pretrial matters; (d) conduct regular contacts (whether in person, telephonic, or electronic) with other plaintiffs' counsel to keep them informed and/or to consult with them about the conduct of the litigation; (e) employ and consult with experts; (f) perform any task necessary and proper for lead counsel to accomplish its responsibilities as defined by my orders, including organizing subcommittees comprised of plaintiffs' attorneys and assigning them tasks consistent with the duties of lead counsel, subject to my approval; and (g) perform such other functions as I might expressly authorize.

    I anticipate that a steering committee, and perhaps co-lead counsel, will be appointed as necessary after MIE responds to the master complaint. Any

request for modifications to the duties and responsibilities set forth in this order may be discussed at the telephonic case management conferences.

SO ORDERED.

ENTERED:   February 4, 2016

                                         /s/ Robert L. Miller, Jr.
                               Judge, United States District Court